# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DANIEL WAYNE GROGAN,

        Plaintiff,

   v.

GONZALEZ, *et al.*,

        Defendants.

Case No.  1:25-cv-01986-BAM (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY WITHOUT PREJUDICE

ORDER DIRECTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT OR NOTICE OF VOLUNTARY DISMISSAL WITHIN THIRTY (30) DAYS

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

(ECF No. 12)

Plaintiff Daniel Wayne Grogan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 27, 2026, the Court screened Plaintiff's complaint and granted him leave to amend within 30 days.  (ECF No. 11.)

In lieu of filing an amended complaint, Plaintiff filed a response to the Court's screening order on June 10, 2026. (ECF No. 12.)  Plaintiff requests that the Court review certain exhibits

1

regarding his medical appliance clearance record.  He indicates that he has completely exhausted his administrative remedies and the relief he seeks is the replacement or reimbursement value of his Gardian 2000 hinged knee brace by the C.D.C. for wrongfully stealing his medical appliance on July 17, 2025.  Plaintiff requests that the Court ask CDCR to produce all records for his medical appliance Gardian 2000 hinged kneed brace.  He further indicates that he is still asking for injunctive relief from his disability discrimination by CDCR staff within all institutions, not just Corcoran staff.  He asks the Court to support his rights when it comes to his A.D.A. medical rights and his medical needs and requests his medical appliance.  (*Id.*)  The Court construes Plaintiff's response to the screening order as a motion for discovery and for preliminary injunction.

### I.      Motion for Discovery

Plaintiff's request for discovery is premature and is denied without prejudice.  Plaintiff has not filed an amended complaint, he has not stated a cognizable claim for relief, and on the current record the Court cannot determine that the action should proceed to discovery on his claims.  Further, no defendants have been served, no defendants have appeared, and discovery has not been opened.

In an abundance of caution, and because he is proceeding *pro se*, the Court will grant Plaintiff a brief extension of time to file his first amended complaint.  Plaintiff is reminded that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Any amended complaint shall be limited to **twenty (20) pages in length**, excluding exhibits.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

**II.      Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The

3

Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As noted above, Plaintiff has not filed an amended complaint, this action does not yet proceed on any cognizable claims, no defendant has been ordered served, and no defendant has yet made an appearance.  Thus, the Court at this time lacks personal jurisdiction over any defendant or CDCR generally.

**III.    Order and Recommendation**

Based on the foregoing, it is HEREBY ORDERED as follows:

1.  Plaintiff's motion for discovery is denied without prejudice;

2.  The Clerk's Office shall send Plaintiff a complaint form;

3.  Within **thirty (30) days from the date of service of this order,** Plaintiff shall file a first amended complaint, limited to twenty (20) pages in length, curing the deficiencies in the Court's May 27, 2026 screening order (or file a notice of voluntary dismissal);

4.  If Plaintiff fails to file a first amended complaint in compliance with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to state a claim, failure to obey a court order, and for failure to prosecute.

Additionally, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 12), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to

4

Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 7, 2026**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE

5